Wardlaw, J.
delivered the opinion of the Court.
According to the Act of 1795, (5 Stat. 258,) each surety here was liable only for his equal part of the penalty of the bond; that is, only to the amount of that equal part could damages have been assessed against him if he had been sued separately, and only to that amount can damages assessed be collected from him when he has been sued jointly with others.—See 2 Bail. 375.
The interest which, after judgment, accrues on a cause of action bearing interest, and which, by virtue of the Act of 1815, (6 Stat. 4,) may be levied under the execution, is no part of the recovery or damages assessed. In an action on a bond, where the damages have been assessed to the whole amount of the penalty, nothing forbids the levy of this subsequently accruing interest, in addition to the penalty (see Bonsell v. Taylor, 1 McCord, 503): it is in the nature of damages given by the statute for the default of the defendant in not paying at the time of the recovery the sum recovered. The Circuit Court was then right as to the interest. It is still more clear that costs, in addition to the penalty, may be recovered on a penal bond, for they are given to compensate the plaintiff for his outlay in obtaining justice. The motion is therefore dismissed.
Richardson, J. O’Neall, J. Evans, J. Frost, J. and Withers, J. concurred.

Motion dismissed.